IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00754-RPM-CBS

RICHARD SIEGEL

      Plaintiff,

v.

CENTRES, INC.

      Defendant.

---

## ORDER APPOINTING SPECIAL MASTER

---

      The parties have stipulated to the appointment of a Special Master and the Court has selected and hereby appoints a Special Master namely John R. Armour, C.P.A.

      This order and attached stipulation hereby set forth the duties, responsibilities of the Special Master and of the Parties with respect of the Special Master.

      **A.**    **Claims and Duties of the Special Master**

      1.    The Plaintiff claims to be entitled to lost profits on the development of certain real estate projects allegedly developed by the Defendant. The Plaintiff bases his claim on an "Alliance agreement" dated May 25, 2005 and a letter from the Defendant dated June 17, 2005.

      2.    Pursuant to those documents the Plaintiff claims the right to 25% of the net profits from fourteen real estate development transactions after deduction of his share of "dead deal costs" (costs incurred in attempting to locate other potential projects for the same clients but which projects did not proceed to the development phase). For purposes only of the Special Master's report, the Special Master shall assume that Plaintiff is entitled to 25% of net profits less Plaintiff's share of "dead deal costs".

      3.    The Defendant's liability for any damages has not been determined nor is the determination of liability the responsibility of the Special Master.

      4.    The Special Master shall investigate and form an opinion as to the amount of net profit, if any, received or more likely than not to be received as a result of each individual project and the "dead deal costs" incurred. The "dead deal costs" taken into consideration shall be

434512_1

identified by date and amount and shall include an explanation of the purpose and context of the expenditure and shall be associated with a specific undeveloped project.

5. Specifically, the projects at issue are one for Hertz Equipment Rental (Cutler Ridge, Florida) and thirteen for Bridgestone/Firestone namely, Joliet, IL., Omaha, NE., Columbus, OH., Grove City, OH., Lenaxa, KS, Round Lake, IL., Kansas City, MO., McHenry, IL., Chesterfield, MO. , Oswego, IL., Montgomery, IL., Tivoli, NE., and St. Peters, MO. Projects with regard to which Defendant claims "dead deal costs" have not been identified by either party and should be established to the satisfaction of the Special Master, both with regard to amount and purpose within the scope of the Letter of June 17, 2005.

6. Neither party shall have any ex parte communications with the Special Master. To the extent that the Special Master has any question about the extent or nature of his duties, matters he should or should not consider or otherwise concerning his appointment, such questions shall be submitted in writing to the Court with copies to counsel for each party and the Court will address any such question after input from the Parties. However, if during his ordinary course of reviewing records, the Special Master has questions or issues which might be resolved expeditiously by means of a phone call or e-mail or other brief communication to the parties, the Special Master is authorized to make such contacts directly to the parties, provided that in any such communication each party is represented during such communication by a person authorized by that party to participate in such brief communications. In such case, either party may record or otherwise memorialize the communication.

7. The Special Master will receive all information provided and prepare a written report in the form and containing the information prescribed by F.R.C.P. 26(a)(2)(b) setting forth his findings.

**B.     Duties of the Parties**

8. The Defendant shall make available to the Special Master all records requested and considered necessary by the Special Master bearing on the issues raised in paragraph 4 above. It is anticipated that such information will include, but not be limited to, documents showing the purchase price for the properties, construction costs, ground leases and building leases, costs incurred in seeking properties for the client, documents, if any, showing sales prices of any property, loan documents, financial and accounting records with respect to each project or any component thereof.

9. Each Party may, within 21 days of the entry of this Order, submit to the Master a confidential memorandum no longer than 5 pages, excluding documentary exhibits, explaining that Party's theory as to how damages are to be calculated.

332487

10. Defendant shall pay the reasonable costs and expenses of the Special Master for his investigation and report upon approval by the Court. The Special Master shall accomplish his work in the most cost effective manner possible

11. The Defendant shall provide to Plaintiff a complete list of all documents submitted to the Special Master, which list shall also contain a brief description of the nature of each such document. .

Dated: June 22, 2009

SO ORDERED

U.S. Magistrate Judge
Craig B. Shaffer

Approved as to Form

GARFIELD & HECHT, P.C.
*Attorneys for Defendant Centres, Inc.*

Robert E. Kendig, #7527
601 East Hyman Avenue
Aspen, Colorado 81611
Telephone Number: (970) 925-1936
Facsimile Number: (970) 925-7189
E-mail: rkendig@garfieldhecht.com

RICHARD ROSENBLATT & ASSOCIATES LLC
*Attorneys for Plaintiff Richard Siegel*

Richard Rosenblatt
8085 East Prentice Avenue
Greenwood Village, Colorado 80111
Telephone Number: (303) 721-7399
Facsimile Number: (720) 528-1220
E-mail: rrosenblatt@cwa-union.org

434512_1